# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>PEDERIO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00027-DAD-SKO (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

### INTRODUCTION

    **A.**    **Background**

Plaintiff, Angel Hernandez, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed below, Plaintiff fails to state any cognizable claims upon which relief may be granted. Thus, the Complaint is DISMISSED with leave to file a first amended complaint.

    **B.**    **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

  **C. Pleading Requirements**

    **1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

  Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

  While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible. He should simply state which of his constitutional rights he feels were violated by each Defendant and its factual basis. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint. His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage. If Plaintiff files a first amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

### 2. Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the

3

claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. deliberate indifference by different actors on different dates, under different factual events) does not necessarily make claims related for purposes of Rule 18(a). All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Plaintiff is cautioned that if he fails to elect which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims may proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013). Whether any claims will be subject to severance by future order will depend on the viability of the claims pled in the amended complaint.

### 3. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### 4.     Use of Exhibits

Plaintiff attached a number of exhibit pages to the Complaint, but fails to refer to them in his allegations. The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

### **DISCUSSION**

#### A.     Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison (CSP-Cor) in Corcoran, California, but complains of events that occurred while he was held as a pretrial detainee at the Kings County Jail ("KCJ") in Hanford, California. Plaintiff names KCJ Commander, Kimberly Pedreiro; Assistant Sheriff, Robert Jack Thayer; Sergeant S. Henderson; the Kings County Board of Supervisors; and Kings County Superior Court Judge Donna Tarter as Defendants in this action.

Plaintiff alleges that, on April 30, 2014, upon returning from a court appearance, Sgt. Henderson placed Plaintiff in Administrative Segregation ("Ad-Seg") at KCJ. Plaintiff asked

why and Sgt. Henderson told him it was done at CMDR Pedreio's direction.  Plaintiff was held in KCJ's Ad-Seg for over twenty months, despite filing numerous grievances protesting that he was placed in Ad-Seg without notice and a hearing.

Plaintiff alleges that, since he was placed in Ad-Seg without notice and a hearing, his rights to due process, free speech, freedom of association, and freedom from cruel and unusual punishment were violated.

Plaintiff has not stated any cognizable claims, but the Court provides the pleading standards and legal standards for the claims Plaintiff delineated and opportunity to file a first amended complaint.

### B. Legal Standards

#### 1. Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause itself or from state law. *Id.*  The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue.  *Id.* at 221-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

"It is plain, that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.  Accordingly, administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Toussaint v. McCarthy*, 801

F.2d 1080, 1091-92 (9th Cir.1986). With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. *Id.*, 801 F.2d at 1100-01 (quotation marks omitted), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *accord Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. *Toussaint*, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. *Id.* (quotation marks omitted).

However, prisoners may be housed in Administrative Segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or as here, pending investigation of disciplinary charges, transfer, or re-classification. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) – overruled in part on other grounds by *Sandin* (finding no liberty interest in freedom from state action taken within the sentence implied).

Here, Plaintiff's exhibits show that he was placed in Ad-Seg pending investigation into criminal charges (*see* Doc. 1, pp. 17-18) and his allegations acknowledge that he was criminally charged in Kings County Superior Court (case no. 14CM1997) for conspiracy surrounding an attempted murder of correctional staff (*see id.,* at p. 5). Under these circumstances, Plaintiff had no liberty interest in remaining in the general population and thus cannot state a cognizable claim.

Further, "[a]n inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." *Id.* Since Plaintiff does not have a cognizable claim based on his placement in Ad-Seg, a concomitant curtailment of his right to speak and associate with inmates in the general population while he is was confined in Ad-Seg is also not cognizable.

### 3. *Younger* Abstention

Plaintiff's claims pertaining to his Ad-Seg placement are likewise not cognizable under § 1983 if the release of Plaintiff's legal materials to prosecutors resulted in criminal charges, for which proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37, 43-54, 91 S.Ct. 746 (1971) (reaffirming the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) citing *Steffel v. Thompson*, 415 U.S. 452, 460-73, 94 S.Ct. 1209 (1974) (explaining the history and purposes of the doctrine); *Younger*, 401 U.S. at 43-49 (discussing the jurisprudential background of abstention); *Gilbertson v. Albright*, 381 F.3d 965, 970–75 (9th Cir.2004) (en banc) (tracing the Supreme Court's application of the doctrine).

Federal courts "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *Id.* citing *Gilbertson*, 381 F.3d at 978; *AmerisourceBergen Corp. v. Roden ("ABC ")*, 495 F.3d 1143, 1149 (9th Cir.2007); *see also Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc) ("[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."), overruled in other part by *Gilbertson*, 381 F.3d 965. "An exception to that general rule exists if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.' " *Id.*, quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S.Ct. 2515 (1982).

The criminal action against Plaintiff in Kern County Superior Court (case no.

8

14CM1997), for which Plaintiff was placed in Ad-Seg is ongoing.[1]  There are few if any more important state interests than enforcing its criminal laws.  Plaintiff states no allegations to show that he would be barred from litigating federal constitutional issues in the state proceeding and this Court finds none.  A finding in Plaintiff's favor in this action would have the practical effect of undermining the State's criminal action against Plaintiff since it would necessarily hinge on the propriety of the investigation into the criminal charges against Plaintiff -- which *Younger* disapproves. Plaintiff fails to state any allegations to suggest, let alone show, that bad faith, harassment, or other extraordinary circumstance exists to make abstention inappropriate.  Thus, this Court must abstain from deciding whether Plaintiff's claims regarding his placement in Ad-Seg under *Younger.*

### 4. Cruel & Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  *Farmer* at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are

---

[1] Judicial notice is taken of the Kings County Superior Court record in case number 14CM1997.  Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137.

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304-05(comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners had regular access to dayroom)). To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. *Id.* Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.* Further, temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson*, 45 F.3d 1310, *ref. Hoptowit*, 682 F.2d at 1258 (*abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)). Thus, Plaintiff's factual allegations as to the conditions to which he was subjected during his confinement on management cell/ASU must be evaluated to determine whether they demonstrate a deprivation of a basic human need individually or in combination.

Plaintiff alleges that he was in Ad-Seg for "20 plus months" and that while in Ad-Seg, he was confined to his cell 23 hours a day; the one hour out of his cell was for dayroom, outside yard, phone call, shower, and cell cleaning. (Doc. 1, p. 6.) Plaintiff alleges this is insufficient and that every day he should have 30 minutes of fresh air, 10 minutes to shower, 20 minutes for a phone call, 10-15 minutes to clean his cell, and 30 minutes to watch television. (*Id.*) Plaintiff

alleges that he is not allowed to program with other inmates, any conversation is like a yelling contest between Plaintiff, the T.V., and other inmates. (*Id.*) Plaintiff complains that his cell has no window and that the exercise yard is a concrete yard a little bigger than a cell that is covered by a black tarp such that he does not receive any direct sunlight and they are "not allowed fresh air during rainy days." (*Id.*) Plaintiff alleges that he is held with inmates who have mental problems causing them to throw feces, walk around covered in feces, put their urine on the phones and tables, dig through garbage cans, defecate in the showers, and scream at all time of the day. (*Id.*) Plaintiff alleges that he has been subjected to hot and cold temperatures in his cell, including cold showers and that his "medical needs have been an issue." (*Id.*) Plaintiff also alleges that in Ad-Seg, he cannot go to church, cannot get a job, and cannot attend programs, school, drug & alcohol classes, his jumpsuit is a different color, he eats in his cell, and all of his visits are non-contact via a T.V. screen. (*Id.*)

These living conditions are certainly not desirable. However, they do not show deprivation of a basic human necessity, let alone that any of the named defendants were subjectively aware of any such deprivation and failed to take corrective action. Plaintiff thus fails to state a cognizable claim under the Eighth Amendment.

### 5. Immunity

#### a. Judicial Immunity

Judge Tarter is entitled to absolute immunity from damages for judicial acts, absent very limited exceptions not presented here. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); *Crowe v. County of San Diego*, 608 F.3d 406, 430 (9th Cir. 2010); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

#### b. Quasi-judicial Immunity

The Supreme Court has extended such absolute judicial immunity to other public officials who perform activities that are "functionally comparable" to those of judges. *Butz v. Economou*, 438 U.S. 478, 513, 98 S.Ct. 2894 (1978); *see also Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th

Cir.1981) ("If an official's role is functionally equivalent to that of a judge, the official will be granted equivalent immunity."). Such activities are sometimes referred to as "quasi-judicial." *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984 (1976). "Absolute immunity flows not from rank or title . . . but from the nature of the responsibilities of the individual official." *Cleavinger v. Saxner*, 474 U.S. 193, 201, 106 S.Ct. 496 (1985).

The Court has outlined a list of factors to consider in determining whether an official's functions are quasi-judicial in nature: (1) the need to insulate the official from harassment or intimidation; (2) the presence of procedural safeguards to reduce unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent in the official's decision; (5) the adversary nature of the process; and (6) whether error may be corrected on appeal. *Id.* at 202, 106 S.Ct. 496 (citing *Butz*, 438 U.S. at 512, 98 S.Ct. 2894). This list of factors is non-exhaustive, however, and an official need not satisfy every factor to be entitled to absolute quasi-judicial immunity. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir.2004) (noting that the *Butz* factors are "nonexclusive").

The Kings County Board of Supervisors is entitled to quasi-judicial immunity for their ruling on the claim Plaintiff filed under the California Tort Claims Act. There is a great need to protect public official from harassment or intimidation; unconstitutional conduct and error are subject to review via the courts; and, though their decisions do not necessarily equate to precedent, their decision is the beginning step in an adversarial process between the municipal entity they represent and the injured party. Thus, Plaintiff is unable to state a cognizable claim against the Kings County Board of Supervisors.

### 6. Inmate Grievances

Plaintiff appears to grieve the processing and reviewing of his grievances pertaining to his placement in Ad-Seg at KCJ. However, he is not entitled to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)

*accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

Plaintiff may "state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). However, for the reasons previously discussed, Plaintiff fails to state a claim showing unconstitutional conduct occurred by subordinates for their supervisor's knowledge and acquiescence to be actionable.

### 7. Injunctive Relief

Among other forms of relief, Plaintiff requests to be allowed more time out of his cell. As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

The claims which Plaintiff alleges in this action arise from events which occurred at KCJ. Plaintiff is currently housed at CSP-Cor. Accordingly, Plaintiff lacks standing to seek relief directed at remedying his current conditions of confinement at KCJ. Further his requests for injunctive relief to remedy his conditions of confinement at KCJ were rendered moot upon his transfer to CSP-Cor. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's request for preliminary relief is dismissed.

### ORDER

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within **twenty-one (21) days**. Alternatively, if Plaintiff no longer desires to pursue this action, or realizes that he cannot state a cognizable claim, he may file a voluntary dismissal in that same time. If Plaintiff chooses to file a first amended complaint, it shall not exceed **twenty-five (25) pages**, exclusive of exhibits. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

//

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed for failure to obey a court order and for failure to state a cognizable claim**.

IT IS SO ORDERED.

Dated:   **January 27, 2017**              /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE