# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PEDERIO, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00027-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A COGNIZABLE CLAIM**<br><br>**(Doc. 14)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**ORDER DISHCARGING ORDER TO SHOW CAUSE**<br><br>**(Doc. 13)** |

## **FINDINGS**

### A. Background

Plaintiff, Angel Hernandez, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed below, Plaintiff fails to state any cognizable claims upon which relief may be granted.

Plaintiff filed the Complaint in this action on January 8, 2016. (Doc. 1.) The Complaint was screened and dismissed with leave to amend. (Doc. 10.) When Plaintiff did not file an amended complaint within the time provided, an order to show cause issued for Plaintiff to explain why this action should not be dismissed for Plaintiff's failure to obey the Court's order and to state a claim. (Doc. 13.) On April 24, 2017, Plaintiff filed the First Amended Complaint,

1

which is before the Court for screening. (Doc. 14.) For the reasons discussed below, Plaintiff fails to state any cognizable claims, despite having previously been given the requisite pleading and legal standards for his claims. Thus, this action should be dismissed with prejudice and further leave to amend need not be extended since futile.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's allegations in the First Amended Complaint are evaluated as to whether they set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Plaintiff's factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d

962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff's allegations are evaluated by whether alleged facts demonstrate the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of Plaintiff's federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

/ / /

**D.     Summary of the First Amended Complaint**

Plaintiff is currently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, but complains of events that occurred while he was held as a pretrial detainee at the Kings County Jail ("KCJ") in Hanford, California. Plaintiff names KCJ Commander, Kimberly Pedreiro; Assistant Sheriff, Robert Jack Thayer; Sergeant S. Henderson; the Kings County Board of Supervisors; and Kings County Superior Court Judge Donna Tarter as Defendants in this action.

Plaintiff alleges that, on April 30, 2014, Sgt. Henderson placed Plaintiff in Administrative Segregation ("Ad-Seg") at KCJ. Plaintiff asked why and Sgt. Henderson told him it was done at CMDR Pedreio's direction. Plaintiff ended up being held in KCJ's Ad-Seg for twenty-eight months, despite filing numerous grievances protesting that he was placed in Ad-Seg without notice and a hearing. Plaintiff alleges that, since he was placed in Ad-Seg without notice and a hearing, his rights to due process, free speech, freedom of association, and freedom from cruel and unusual punishment were violated.

Despite having been informed that many of his allegations and claims were not capable of being corrected to state cognizable claims, Plaintiff persists in asserting the same litany of claims. He has made little, if any, changes to his factual allegations, and none of his claims are cognizable. Thus, it appears that Plaintiff is unable to correct the deficiencies in his pleading and the action should be dismissed without extending further leave to amend. Further, Plaintiff's allegations challenging his gang classification at KCJ need not be considered since no such allegations were stated in his original Complaint and including them in the First Amended Complaint exceeds the leave to amend Plaintiff was granted. (*See* Doc. 10, p. 15 (prohibiting change of the nature of suit by adding new, unrelated claims in the first amended complaint).)

/ / /

/ / /

/ /

/ /

/ /

E.     **Legal Standards**

1.     **Due Process**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. *Id.* The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. *Id.* at 221-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

"It is plain, that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence. Accordingly, administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir.1986). With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. *Id.*, 801 F.2d at 1100-01 (quotation marks omitted), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *accord Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. *Toussaint*, 801 F.2d at 1100-01

5

(quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. *Id.* (quotation marks omitted).

Prisoners may be housed in Administrative Segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or as here, pending investigation of disciplinary charges, transfer, or re-classification. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) – overruled in part on other grounds by *Sandin* (finding no liberty interest in freedom from state action taken within the sentence implied).

Here, Plaintiff's exhibits reveal that he was placed in Ad-Seg pending investigation into criminal charges (*see* Doc. 14, pp. 9-13) and his allegations acknowledge that he was criminally charged in Kings County Superior Court (case no. 14CM1997) in connection with events surrounding an attempted murder of custody staff. Under these circumstances, Plaintiff had no liberty interest in remaining in the general population and thus cannot state a cognizable claim.

Further, "[a]n inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." *Id.* Since Plaintiff does not have a cognizable claim based on his placement in Ad-Seg, he similarly does not have a claim based on the curtailment of his right to speak and associate with inmates in the general population while confined in Ad-Seg.

### 3. *Younger* Abstention

Plaintiff's claims pertaining to his Ad-Seg placement are likewise not cognizable under § 1983 if the release of Plaintiff's legal materials to prosecutors resulted in criminal charges, for which proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37, 43-54, 91 S.Ct. 746 (1971) (reaffirming the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) citing *Steffel v. Thompson*, 415 U.S. 452, 460-73, 94 S.Ct. 1209

(1974) (explaining the history and purposes of the doctrine); *Younger*, 401 U.S. at 43-49 (discussing the jurisprudential background of abstention); *Gilbertson v. Albright*, 381 F.3d 965, 970–75 (9th Cir.2004) (en banc) (tracing the Supreme Court's application of the doctrine).

Federal courts "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *Id.* citing *Gilbertson*, 381 F.3d at 978; *AmerisourceBergen Corp. v. Roden ("ABC")*, 495 F.3d 1143, 1149 (9th Cir.2007); *see also Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc) ("[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."), overruled in other part by *Gilbertson*, 381 F.3d 965. "An exception to that general rule exists if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.' " *Id.*, quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S.Ct. 2515 (1982).

The criminal action against Plaintiff in Kern County Superior Court (case no. 14CM1997), which Plaintiff was placed in Ad-Seg pending investigation, is ongoing.[1] There are few if any more important state interests than enforcing its criminal laws. Plaintiff states no allegations to show that he would be barred from litigating federal constitutional issues in the state proceeding and this Court finds none. A finding in Plaintiff's favor in this action would have the practical effect of undermining the State's criminal action against Plaintiff since it would necessarily hinge on the propriety of the investigation into the criminal charges against Plaintiff -- which *Younger* disallows. Plaintiff fails to state any allegations to suggest, let alone show, that bad faith, harassment, or other extraordinary circumstance exists to make abstention

---

[1] Judicial notice is taken of the Kings County Superior Court record in case number 14CM1997. Fed. Rules Evid. Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

7

inappropriate. Thus, this Court must abstain from deciding Plaintiff's claims regarding his placement in Ad-Seg under *Younger.*

### 4. Cruel & Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137.

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not suffice alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304-05(comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)

1  (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners had regular access to dayroom)).  To say that some prison conditions may interact in this fashion is far from saying that all prison conditions are a seamless web for Eighth Amendment purposes.  *Id.*  Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.  *Id.*  Further, temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations.  *See Anderson*, 45 F.3d 1310, *ref. Hoptowit*, 682 F.2d at 1258 (*abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).  Thus, Plaintiff's factual allegations regarding the conditions to which he was subjected during his confinement on management cell/ASU must be evaluated to determine whether they demonstrate a deprivation of a basic human need individually or when combined.

Plaintiff alleges that he was in Ad-Seg for "20 plus months" and that while in Ad-Seg, he was confined to his cell 23 hours a day; the one hour out of his cell was for dayroom, outside yard, phone call, shower, and cell cleaning.  (Doc. 14, pp. 5-6.)  Plaintiff alleges that any conversation was like a yelling contest with other inmates.  (*Id.*)  Plaintiff complains that his cell had no window and that the exercise yard is a concrete yard a little bigger than a cell that was covered by a black tarp.  (*Id.*)  Plaintiff alleges he was held with inmates who have mental problems causing them to throw feces, walk around covered in feces, put their urine on the phones and tables, dig through garbage cans, defecate in the showers, and scream at all time of the day and night.  (*Id.*)  Plaintiff alleges he was fully restrained on every movement and was subjected to hot and cold temperatures in his cell, including cold showers and that his medical needs were "an issue, a rash on [his] scalp, back pain, etc."  (*Id.*)  Plaintiff also alleges that, in Ad-Seg, he could not go to church, get a job, and attend programs, school, drug & alcohol classes, he ate in his cell, and all of his visits were non-contact via a T.V. screen.  (*Id.*)

These living conditions are certainly not desirable.  However, they do not show deprivation of a basic human necessity, let alone that any of the named defendants were

9

subjectively aware of any such deprivation and failed to take corrective action. Plaintiff thus fails to state a cognizable claim under the Eighth Amendment.

### 5. Immunity

#### a. Judicial Immunity

Plaintiff's allegations against Judge Tarter are unavailing. Judge Tarter is entitled to absolute immunity from damages for judicial acts, absent very limited exceptions not presented here. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); *Crowe v. County of San Diego*, 608 F.3d 406, 430 (9th Cir. 2010); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

#### b. Quasi-judicial Immunity

The Kings County Board of Supervisors is entitled to quasi-judicial immunity for their ruling on the claim filed by Plaintiff under the California Tort Claims Act.

The Supreme Court has extended absolute judicial immunity to other public officials who perform activities that are "functionally comparable" to those of judges. *Butz v. Economou*, 438 U.S. 478, 513, 98 S.Ct. 2894 (1978); *see also Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir.1981) ("If an official's role is functionally equivalent to that of a judge, the official will be granted equivalent immunity."). Such activities are sometimes referred to as "quasi-judicial." *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984 (1976). "Absolute immunity flows not from rank or title . . . but from the nature of the responsibilities of the individual official." *Cleavinger v. Saxner*, 474 U.S. 193, 201, 106 S.Ct. 496 (1985).

The Court has outlined a list of factors to consider in determining whether an official's functions are quasi-judicial in nature: (1) the need to insulate the official from harassment or intimidation; (2) the presence of procedural safeguards to reduce unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent in the official's decision; (5) the adversary nature of the process; and (6) whether error may be corrected on appeal. *Id.* at 202, 106 S.Ct. 496 (citing *Butz*, 438 U.S. at 512, 98 S.Ct. 2894). This list of factors is non-exhaustive, however, and an official need not satisfy every factor to be entitled to absolute quasi-judicial

immunity. *See Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 923 (9th Cir.2004) (noting that the *Butz* factors are "nonexclusive").

There is a great need to protect public officials from harassment or intimidation. Unconstitutional conduct and error are subject to review via the courts, and although their decisions do not necessarily equate to precedent, the decision is the initial step in an adversarial process between the municipal entity they represent and the injured party. Thus, Plaintiff cannot state a cognizable claim against the Kings County Board of Supervisors.

### 6. Inmate Grievances

Plaintiff appears to continue to grieve the processing and reviewing of his grievances pertaining to his placement in Ad-Seg at KCJ. However, he is not entitled to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

//

Plaintiff may "state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). However, as discussed above, Plaintiff fails to allege unconstitutional conduct by subordinates so as to be able to state a claim based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by such subordinates.

**RECOMMENDATION**

Plaintiff's First Amended Complaint fails to state a cognizable claim against any of the named Defendants. Given Plaintiff's persistence in attempting to state a causes of action that he as previously been advised are not actionable, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**ORDER**

On April 20, 2017, an order issued for Plaintiff to show cause why this action should not be dismissed based on his failure to obey the Order which dismissed Plaintiff's original Complaint and granted him leave to file an amended complaint. (Doc. 13.) Plaintiff's response, filed a few days after the First Amended Complaint, is deemed

sufficient. (Doc. 15.)

Accordingly, the order to show cause which issued on April 20, 2017, is HEREBY DISCHARGED.

IT IS SO ORDERED.

Dated: **October 18, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE